You may proceed. Morning, Your Honors. May it please the court, counsel, my name is David Partowi. I here for Victor Angulo. I'm going to endeavor to keep as much time for a rebuttal as possible. I'm gonna shoot for six minutes. The reason that I think I might be able to do that is my argument is very, very simple, and that is that and or is a very bad idea. And when... Why isn't this issue barred from our consideration by invoking the invited error doctrine? My position on that is that it was the government that offered it. The most that Mr. Angulo can said to have done on this record is to have concurred. And... Well, he didn't object. And a concurrence essentially is I agree. Yeah, I think he affirmatively agreed. So if that's the case, how can you now argue error? Because after the decision was made, this court decided LaPierre, which says that the that it is plain error, regardless of his objection, or rather his assent or objection, it's plain error under LaPierre to not have... If we agree that it's ambiguous, right? Correct. But I'm not sure that I would agree that that the special verdict form was ambiguous. If the court does not agree with me that the special verdict form is ambiguous, I can't see a path to a win here. That's an... I mean, the problem I'm having is that Judge Shea forecast the appealing. He remedied it. Well, he tried. He tried to remedy it. But neither side... This is like a no good deed goes unpunished because he actually saw, he foresaw that we would all be here talking about this. And he offered a solution. And nobody took him up on it. I agree. And then I think that some some months later, some months later... And so he was prescient. I absolutely agree. But some months after that Your position would be that he erred in... He should have overruled the objections of both parties and nonetheless proceeded to give the broken-out verdict, special verdict form that he had initially proposed? Yes, Your Honor. Having sat through the immediately preceding oral argument, it seems to me that both parties can agree and the court can say no. We don't see it that way. And that's what... But it's a little bit different in, you know, in a dynamic trial situation. Where he... So it's like the judge says, I want to do this. I think this will fix the problem. The parties, the parties in control of their case as to how it's going to be argued say, no, I don't think that'll fix the problem. Or for whatever reason, I don't want that because I'm worried that will sink my not guilty verdict or whatever. So I guess your rule is he should have done it anyway. Yeah. Honestly, I mean, we all make mistakes. That's what we're here for. This court is... I'm not so sure that it was a mistake. I think it was actually... Were you trial counsel? Okay. It looked to me like it actually might be a tactical move on the part of the defense because of the nature of the evidence. The evidence of the finding of the gun and tying it to Mr. Angulo was much weaker than the fact that he had live rounds in the pocket of his sweatpants. But that reason... Well, okay. I guess I see where the court's going. What I would suggest is the language in my reading of LaPierre would say that we're not going to second guess those kinds of things. What the jury was thinking, the judge was thinking, the trial counsel was thinking. Clearly, the government at this point argues that it was strategic. I don't know that it was strategic. I can see a counter argument, which would be if you have the breakout verdict form because the evidence is so strong of the one round of ammunition but so weak with regard to the firearm, if you had it broken out, you would only get convicted of the ammunition and you could have made, successfully, the sentencing argument that Mr. Egan, trial counsel, attempted to make. So that would be an argument to have gone with what Judge Shea proposed because you could have gotten a not guilty on A and a guilty on B for a lesser sentence. Right. Which is why it looked to me like it was a strategic move. I'm not sure it was actually a bad move on the part of the defense, but I am a little bit bothered by the fact that Mr. Egan concurred, consented, whatever you want to call it, to the special verdict form that was given to the jury and now you're up here arguing on appeal that that was reversible error. And that's what the invited error doctrine is all about. Well, I agree with that, but there are two keys at play here why this should go back down. One is the integrity of the system. I mean, here we are arguing about whether it was strategic, whether it was an error, whether Judge Shea could have known what LaPierre was going to hold. The sua sponte language was new in LaPierre. And what it really comes down to is, we don't know what Mr. Angulo was convicted of. And regardless... Again, that gets back to whether or not you read, you declared the   And what does it for me is that last clause at the very end. With all of you agreeing as to the gun or the ammunition. So there were three things done in this case to assure a unanimous verdict. One was, we find him guilty, not guilty, and then of the firearm and or ammunition. The second was, we're unanimous as to which firearm and or ammunition he possessed, which I don't think helps, I don't think it makes it worse. But then number three, he had the ability to pull the jury. And he did pull the jury, the district court, and said, is this your verdict and the verdict of the jury? And got yeses. Yeah, but you normally, when you pull a jury, you normally don't go through each question on the special verdict form and ask them, is this your verdict on 1A and how about 1B? Well, I agree. And I think that... Here's my position. It's essentially an opportunity for the holdout juror to raise his or her hand and say, you know, well, I voted that way, but now I'm having second thoughts. But isn't your argument that by pulling the jury, what he got was unanimity that they all agreed that it was either the firearm and or the bullet? Yes. Right? Yes, and that's the fatal ambiguity in the verdict. And or when it comes down to the bottom line. It comes down to and or. But it's very difficult in this case, counsel, because the judge not only foresaw the problem he had, he proposed breakout forms and there was an affirmative waiver. I don't think that makes it more difficult. I think under the two cases that I primarily rely on in my briefing, the Garcia-Rivera and the LaPierre, both from this Court 03 and then 15, I think that the Court recognizing there to be an ambiguity is sort of one of the threshold findings that this Court has to make for the ambiguity, or at least the possibility was there. And here I think we could all agree the possibility was not only present but was seen by the district court. So at that point he had an obligation to remedy it. At that time, he did not have an obligation to sua sponte remedy it. At that time, he had an obligation. He tried to sua sponte remedy it, right? He was trying. Correct. And I think that the error was. And defense counsel said no. Correct. But the government primarily. At that point, the trial court has to let defense counsel try his case, right? That's the difficulty we have. Not under LaPierre, in my opinion. Okay. In my reading of LaPierre, it is sort of plain error for a district court not to sua sponte give a specific unanimity instruction when the possibility for confusion exists. And that's. Why shouldn't we consider this as a failure to make an objection to the particular jury instruction that's offered? Which is a waivable objection, is it not? Well, my reading of the law is that that would change the standard of review from abuse of discretion to plain error. I am of the opinion, as this Court was in Garcia-Rivera, that it is plain error. Therefore, you needn't determine whether or not the abuse of discretion or the plain error standard of review applies. But it's the difference between waiver and forfeiture, isn't it? Well. In other words, if you waive something, it's a known right as opposed to just flat-out missing it? Correct. And I think that at the time, if you could say that he was waiving a right, you cannot say he was waiving a known right, because in 2015, this Court held that the right itself was for the Court to sua sponte, essentially overrule both counsel, and follow the law, and maintain the integrity of the judicial system, and ensure a unanimous verdict by refusing the request of the parties, which courts do on a regular basis. Do you want to save your remaining time? I would like to. Thanks, Your Honor. You went through your six minutes pretty easily. Good morning. May it please the Court, rest smooth for the United States. First, I think I'd just really like to address, well, the government's argument is two-part. First is that it was invited error, and therefore, the whole issue of the is that if it is not, if it was not, if the Court finds that it was not waived, then it was at least forfeited error, and no more than that, or it was forfeited, which would mean it would be plain error review. In terms of the invited error, the case law indicates that invited error applies by waiver when a defendant induces or causes, and I'm paraphrasing, the error itself. I would submit that in this case, defense counsel did induce and cause. We're presuming it's an error. The government's position, it isn't. But if there is any error, that the defendant did induce it and cause it. Mr. Spitzley? Does that apply in the case of induction of, in effect, a waiver of a constitutional right? Your Honor, I don't, well, I think that in terms of a constitutional right, I think that that would be something that would still, well, that is true. It would, there are two cases, I believe, in terms of invited error, that being inducing and causing the error, and then there's also actively waiving a constitutional right, which is in the case law, which we addressed in the brief. In this case, again, we don't believe that it was an error, but if it were to be addressed that way, that it would still be waived. He can waive a unanimous jury? Would he? Let's just take it out of this jury verdict form. So now we're in front of the trial, we're about to do a jury instruction on unanimity, and he says, I waive that. Or he somehow induces the court not to give a very clear instruction. Could a defendant actually waive that? I would say no, Your Honor, because typically constitutional rights do seem to trump even almost everything. The judge would have to jump in and say, you know, with all due respect, I'm going to give this unanimity instruction. Right. I think if the, I don't think there would be any case law in which a defense counsel said 6 is good enough or 7 out of 12 would be fine and the court would agree. We may have inadvertently. We lost two of the jurors and the defendant said, I'm willing to stipulate to 10, and we said, no go. You can't do that. But why isn't that what happened? That's opposing counsel's argument. That's kind of what happened here, isn't he? Well I will say, Your Honor, but that's not a waiver of the unanimity part, and I will say, and I'm not, I can't recall exactly. Why not? Hold it. That's the argument. That is the case. That's the point. Well, Your Honor, I'm not familiar with that case. I am, what I am familiar with, I actually had a case many years ago in which two alternates were lost and the defendant agreed to proceed on 11 jurors. Did that go to the Ninth Circuit? It did not. It did not go on that issue. The case is United States v. Lopez. Was he found not guilty? I believe that there were a number of defendants, I believe there were a number of defendants and one was guilty, one was not, and one was hung. Can I call your attention back to this case? Yes, Your Honor. Okay, thanks so much. So I think opposing counsel's strongest argument is the argument that the verdict form was ambiguous and that what we have is 12 jurors saying, yep, we agree, he possessed the gun or the bullet and or. So we could have 12, it could be the case that we don't have 12 folks saying that he possessed the gun and that's a big problem because there's a much more severe penalty. So what's your response to that, please? Without the language that the United States requested that the court add concerning that all of us agreeing to the firearm and or the ammunition, I think that that would be the case. Okay, so why isn't that, that's his argument. His argument is that that wasn't sufficiently curative because they all agree that it's one or the other. First, if instructions and a verdict form is also considered an instruction, if they're read in their entirety and we look at the instructions across the board, instruction three indicates that specifically. So the indictment said he possessed a firearm and ammunition. Instruction three said he possessed firearm or ammunition and then we have the verdict form which said, yep, we all agree it was firearm and or ammunition, right? And I take your point that the verdict form is treated as an instruction but just to get your response because that would be helpful to me, why isn't that verdict form ambiguous? Because... Such that a constitutional right is at issue, you know, can we really tell that 12 people convicted him? That's the whole point here. Because the added language of all of agreeing and or which I would respectfully submit is language that common ordinary people would understand and which is made up of the jury is in the verdict form but it's also in the instructions as a whole whereas instruction number three... Doesn't this get more complicated though because what he was charged with was actually specific ammunition. In other words, federal .45 caliber ammunition or Winchester and so it adds one more layer of ambiguity here as to what ammunition are we even talking about, right? I think... I don't believe that there's ambiguity in fact in terms of the ammunition. It doesn't... I thought about that too and it looked to me like the Winchester round was in the clip that was inside the gun, that it was the rest of the rounds were federal and then the round that was found in his pocket was federal. I believe... There's one round in his pocket that's Winchester. One round in his pocket was a Winchester, I believe, and then the rounds that were in the gun, I believe, included one round of Winchester and another round of federal. So is it your answer that it's... When we get back to the verdict form where he says all of us agreeing as to the firearm and or the particular ammunition possessed, you think that does it? Is that your... Yes, Your Honor. ...position? Mm-hmm. Okay. That renders it non-ambiguous. Yes, Your Honor. And we view that in light of the fact that they also got three instructions that said unanimous, unanimous, unanimous. Well, yes. And the point in those three instructions as in reading the case law, there is a general unanimity instruction. I believe that's instruction 19. Right. If that was in there just by itself, then the argument is where is the specific unanimity instruction? And I would submit that that's in instruction three and also in the jury verdict. So that while, again, the argument may be that, well, it's just general. The court did place specific instructions to the jury on that. I did want to address a couple of the items raised by the defendant, by counsel, in that one, the record, I believe, is clear that the defendant did in fact object to the breakout form as it was written. And while prior to the instruction, prior to instructing the jury, the defendant's words were that he concurred that the record does indicate that, does indicate in the colloquy during sentencing that the defendant, the court actually asked him when he brought up that the government objected, that you also objected, that both parties objected and rejected that first form. And it was the United States that sought to cure the form as initially written without the and or agreement part language. The United States sought to bring that in. But why didn't you agree to, as I understood the court's proposal, there were actually three different boxes, one for the gun, one for the ammunition in the pocket, and one for the ammunition in the gun? Your Honor, my, coming into this case after trial, what I found was that that was, that appeared to be what the court was articulating, but the actual breakout form was what the United States submitted as a supplemental, and it was, it actually, to me, appeared more confusing because it had, it looked like two charges, but really just one charge. Yeah. I did, my time is dwindling, but I did want to comment on Lapierre, the United States respectfully believes that that is distinguishable from this case, and that was a case in which the court issued a sua sponte, or should have issued a sua sponte form or instruction. And the reason why it was distinguishable, as the court said, it was the perfect storm. There was clear evidence of multiple conspiracies. The indictment was vague as to who was involved in the conspiracies. There was a colloquy with the court as to whether or not there were multiple conspiracies because of the evidence presented, and my reading, unless I missed it, there never was any discussion of the jury, the actual form, as there was in this case. I'm sorry, I went over. That's fine. No questions. Thank you. Deanna. Very briefly, Your Honors, again, I think that I want to make clear the issue of the ambiguity as I see it. When you use an and or, you only make it worse by adding an and or to it, and that's what happened here. We find him guilty, not guilty of possessing a firearm and or ammunition, and we're all unanimous as to which firearm and or ammunition he possessed. That doesn't fix it. If anything, it makes it worse. What would confuse a layperson about the fact that they all had to agree on the verdict? Well, my answer to that is, you put yourself in that jury box as a layperson, not as a lawyer. So, you know, before I came before Your Honors, I read all of the Wikipedia entries and sort of researched your backgrounds a little bit. None of you are laypeople, okay? I'm not a layperson. I understood what was happening here. I understood the error. I understood the fix. I understood why Judge Shade didn't give the fix. I believe he had a legal obligation under Law Pier 2 to give that fix, and that that is what I am assigning plain error to. A layperson, depending on how the court does it, and I don't remember how Judge Shade does it, whether they get copies of this incomprehensibly complex packet of information or if it's just read to them blindly, which I think is much, much worse. Some of the state courts do that in Spokane. But why can't we read this in conjunction with the three instruction numbers that specifically address what the jury had to find? Because you are not able to answer the question, what was Mr. Angulo convicted of possessing? That's the fundamental problem. He was convicted of both? Maybe. Both firearm and ammunition? No, Judge. That's how I read it. But you used the word or. Firearm and. Or you said and. I'm sorry. Use the word and. I see my time's up. I want to be careful. No, go ahead. Use the word and. And I agree that that's one interpretation. However, I think that or is another interpretation. And we have to be clear. I mean, if you want an understandable, supportable verdict that does not impugn the integrity of the system and ensures a constitutional right, you can't use and or. The last thing I will just say is the reason I have not addressed Mr. Angulo's issues of ineffective assistance on appeal is my understanding is that is not properly brought on direct appeal. Thank you, Your Honor. Okay. Thank you. Thank you both for your arguments this morning. The case of the United States v. Angulo is submitted.
judges: McKeown, Tallman, Christen